# EXHIBIT A

B. DAVID JARASHOW, ESQ. (ID#0006561995)
LAW OFFICES OF B. DAVID JARASHOW, P.A.
31 WEST MAIN STREET
FREEHOLD, NJ 07728
(973) 735-0565
Attorney for Plaintiffs

| | |
|---|---|
| OSWALDO TORRES QUIROZ | SUPERIOR COURT OF NEW JERSEY |
| | MIDDLESEX COUNTY, LAW DIVISION |
| Plaintiff(s), | |
| | DOCKET NO.: MID-L-005675-16 |
| V. | |
| | **CIVIL ACTION** |
| City of Asbury Park, Johnny | |
| Washington, Anthony Butler, Carl | **COMPLAINT AND DEMAND** |
| Christie, AND JOHN DOES 1-100 | **FOR JURY TRIAL** |
| Defendants. | |

Plaintiff, OSWALDO TORRES QUIROZ, residing in Iselin, County of Middlesex, State of New Jersey, by way of Complaint, says:

## PARTIES

1. Plaintiff, OSWALDO TORRES QUIROZ, resides in Iselin, County of Middlesex, State of New Jersey

2. DEFENDANT CITY OF ASBURY PARK is a municipality located in ASBURY PARK, County of Monmouth, State of New Jersey.

3. DEFENDANTS Johnny Washington, Anthony Butler and Carl Christie ("THE POLICE DEFENDANTS") are all police officers with the CITY OF ASBURY PARK POLICE DEPARTMENT, located in Asbury Park, County of Monmouth, State of New Jersey.

## FACTS

1. On the morning of September 29, 2014, Plaintiff was attempting to contact a former girlfriend who lived in an apartment above 619 Main Street in Asbury Park, New Jersey. Unbeknownst to Plaintiff, police were apparently called to the area by Plaintiff's former girlfriend.


EXHIBIT
A

2. Plaintiff, who does not speak or understand English, was confused about why two police officers, believed to be Defendants Christie and Butler, approached him from opposite direction on Main Street in Asbury Park, New Jersey.

3. The police officers made Plaintiff face a wall and put his hands up against the wall in the process of arresting him.

4. A third police officer, Defendant Washington, arrived on the scene in a police car shortly thereafter.

5. Plaintiff, who was still confused about what was happening and why he was being arrested, turned to look behind him.

6. As he did so, he was shot by Defendant Washington.

7. As a result of the gunshot wounds, Plaintiff was rushed to Jersey Shore Medical Center where he had to undergo several surgeries.

8. Plaintiff's injuries from the gunshot wounds were significant.

9. As a direct and proximate result of the wrongful conduct of each of the Defendants, Plaintiff has been substantially injured. These injuries include, but are not limited to, loss of constitutional and federal rights, physical injuries, impairments, great pain, and ongoing special damages caused by the conduct of the Defendants

## FIRST CAUSE OF ACTION

### Civil Rights Action (42 U.S.C. § 1983) Claim Against Defendants Washington, Butler and Christie for Excessive Force in Violation of the Fourth Amendment

1. At the aforementioned time and place, the Police Defendants, acting under color of law and within the course and scope of their employment as a police officers with Defendant the City of Asbury Park, used unnecessary, unreasonable, outrageous, and excessive force on Plaintiff in violation of his rights guaranteed by the Fourth Amendment.

2. The Police Defendants use of unnecessary, unreasonable, outrageous, and excessive force, as described herein, constitutes wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

3. Faced with the circumstances present at the aforementioned time and place, a reasonably prudent law enforcement officer would or should have known that the use of force described herein violated Plaintiff's clearly established Fourth Amendment rights to be free from excessive force.

4. As a direct and proximate result of the Police Defendants use of force in violation of Plaintiff's Fourth Amendment rights, Plaintiff sustained economic and non-economic damages, including, but not limited to, severe and permanent physical injury, physical and emotional pain and suffering, all of which will continue into the future.

## SECOND CAUSE OF ACTION

### Civil Rights Action (42 U.S.C. § 1983) Claim Against Defendants Washington, Butler and Christie for False Arrest

1. Plaintiff had a firmly established right under the Fourth Amendment to be free from arrest without probable cause. The Police Defendants arrested Plaintiff without a warrant despite the fact that he had committed no crime.

2. The Police Defendants arrested Plaintiff without probable cause.

3. The Police Defendants were at this time performing their duties as officers for the defendant, City of Asbury Park.

4. During the relevant period, the Police Defendants were acting under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the State of New Jersey and the City of Asbury Park.

5. The Police Defendants, separately and in concert, engaged in the illegal conduct to the injury of the Plaintiffs, and deprived Plaintiff's of the rights, privileges and immunities secured to them by the Fourth Amendment to the Constitution of the United States and the laws of the United States. Defendants acted with callous disregard for the constitutionally protected rights of Plaintiff.

6. Plaintiff was subjected to humiliation, fear, and pain and suffering by the illegal acts of Defendants and suffered injuries as a result of the Police Defendants' actions.

7. Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees under 42 U.S.C. § 1988, and all applicable law, and such additional relief as the Court deems just.

### THIRD CAUSE OF ACTION

### Civil Rights Action (42 U.S.C. § 1983) MonelL Claim Against Defendant City of Asbury Park

1. The Defendants have, under color of state law, deprived Plaintiff

of rights, privileges and immunities secured by the Fourth Amendment to the

U.S. Constitution.

2. The City of Asbury Park Police Department has a pattern and practice of

police officers engaging in excessive force. The City of Asbury Park Police Department

also has a pattern and practice of failing to adequately investigate uses of lethal and non

lethal force. To the degree the City of Asbury Park Police Department internally

investigates their Officers' use of force, the City's findings in favor of the police are

overwhelming and almost statistically impossible. The City of Asbury Park's failure to

adequately investigate the shooting of Plaintiff is one representative example of a

larger informal policy, pattern and practice of the Asbury Park Police Department

condoning, expressly or implicitly, the use of excessive force by its Officers.

3. Defendant City of Asbury Park maintained a policy, custom, pattern and/or practice of

inadequately and improperly investigating citizen complaints of

police misconduct and officers' use of excessive force and/or allowing the use of

excessive force, failing to properly supervise Asbury Park Police Department officers.

Defendant City of Asbury Park was aware of problems with police officers' use of

excessive force, yet the City of Asbury Park failed to investigate and/or reprimand said

behavior, and failed to discharge said officers for their misconduct, thereby ratifying such

conduct. Defendant City of Asbury Park maintained a policy, custom, pattern and/or

practice of failing to properly train Asbury Park Police Department officers, including

but not limited to, how to use appropriate levels of force. Defendant City of Asbury Park

maintained a policy and/or custom and/or pattern and practice of failing to conduct fair and impartial investigations into officer misconduct, use of excessive force, and police shootings.

4. The above said acts of misconduct were perpetuated, tolerated and not reprimanded by Defendant City of Asbury Park. Thus, Defendant City of Asbury Park inadequately discouraged constitutional violations perpetrated by its law enforcement officers and ratified and or perpetuated conduct and the use of excessive force and other above-mentioned improper and unconstitutional conduct. As such, Plaintiff's Constitutional rights were violated. As a result of the above-mentioned polices and customs and/or pattern and practices, Defendant City of Asbury Park officers believed that their inappropriate actions would not be subject to proper monitoring by supervisors, and that misconduct would not be subject to investigation nor sanction, but would instead be tolerated by Defendant City of Asbury Park. The above facts illustrate a deliberate indifference on the part of Defendant City of Asbury Park policy makers and officials.

5. Although the City of Asbury Park policymakers were on notice of the obvious need to train and supervise their Officers relating to excessive force, they failed to adequately train and supervise the individual officers in that regard.

6. As a direct and proximate result of these failures by the Defendants, Plaintiff sustained injury, a loss of his rights, economic and non-economic damages.

**WHEREFORE**, the Plaintiff, OSWALDO TORRES QUIROZ, demands judgment against the Defendants, jointly, severally or in the alternative, for compensatory damages, punitive damages, interest and costs of suit, and such other and further relief as the court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues raised by these pleadings.

### R.4:5-1 CERTIFICATION

I hereby certify that there are no proceedings dealing with the matter in this Complaint now pending or having been adjudicated by the Court or any arbitration proceedings now pending with respect to these parties and these issues and that there are no other parties that should be joined to this matter.

_____

B. DAVID JARASHOW, ESQ

Attorney for Plaintiffs

September 29, 2016

### DEMAND FOR ANSWERS TO FORM "C" INTERROGATORIES

Demand is hereby made upon the defendant(s) to furnish the plaintiffs with the complete certified answers to Uniform Form "C" interrogatories within the time specified in the Rules of the Court.

_____

B. DAVID JARASHOW, ESQ

Attorney for Plaintiffs

September 29, 2016

# EXHIBIT B

B. DAVID JARASHOW, ESQ.  (ID#0006561995)
LAW OFFICES OF B. DAVID JARASHOW, P.A.
31 WEST MAIN STREET
FREEHOLD, NJ 07728
(973) 735-0565
Attorney for Plaintiffs

| | | |
|---|---|---|
| OSWALDO TORRES QUIROZ | : | SUPERIOR COURT OF NEW JERSEY MIDDLESEX COUNTY, LAW DIVISION |
| Plaintiff(s), | : | |
| | : | DOCKET NO.: MID-L-005675-16 |
| V. | : | |
| | : | **CIVIL ACTION** |
| City of Asbury Park, Johnny Washington, Anthony Butler, Carl Christie, AND JOHN DOES 1-100 Defendants. | : | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| | : | |
| | : | |
| | : | |

Plaintiff, OSWALDO TORRES QUIROZ, residing in Iselin, County of Middlesex, State of New Jersey, by way of Complaint, says:

### PARTIES

1. Plaintiff, OSWALDO TORRES QUIROZ, resides in Iselin, County of Middlesex, State of New Jersey

2. DEFENDANT CITY OF ASBURY PARK is a municipality located in ASBURY PARK, County of Monmouth, State of New Jersey.

3. DEFENDANTS Johnny Washington, Anthony Butler and Carl Christie ("THE POLICE DEFENDANTS") are all police officers with the CITY OF ASBURY PARK POLICE DEPARTMENT, located in Asbury Park, County of Monmouth, State of New Jersey.

### FACTS

1. On the morning of September 29, 2014, Plaintiff was attempting to contact a former girlfriend who lived in an apartment above 619 Main Street in Asbury Park, New Jersey. Unbeknownst to Plaintiff, police were apparently called to the area by Plaintiff's former girlfriend.

EXHIBIT

B

2. Plaintiff, who does not speak or understand English, was confused about why two police officers, believed to be Defendants Christie and Butler, approached him from opposite direction on Main Street in Asbury Park, New Jersey.

3. The police officers made Plaintiff face a wall and put his hands up against the wall in the process of arresting him.

4. A third police officer, Defendant Washington, arrived on the scene in a police car shortly thereafter.

5. Plaintiff, who was still confused about what was happening and why he was being arrested, turned to look behind him.

6. As he did so, he was shot by Defendant Washington.

7. As a result of the gunshot wounds, Plaintiff was rushed to Jersey Shore Medical Center where he had to undergo several surgeries.

8. Plaintiff's injuries from the gunshot wounds were significant.

9. As a direct and proximate result of the wrongful conduct of each of the Defendants, Plaintiff has been substantially injured. These injuries include, but are not limited to, loss of constitutional and federal rights, physical injuries, impairments, great pain, and ongoing special damages caused by the conduct of the Defendants

## FIRST CAUSE OF ACTION

### Civil Rights Action (42 U.S.C. § 1983) Claim Against Defendants Washington, Butler and Christie for Excessive Force in Violation of the Fourth Amendment

1. At the aforementioned time and place, the Police Defendants, acting under color of law and within the course and scope of their employment as a police officers with Defendant the City of Asbury Park, used unnecessary, unreasonable, outrageous, and excessive force on Plaintiff in violation of his rights guaranteed by the Fourth Amendment.

2. The Police Defendants use of unnecessary, unreasonable, outrageous, and excessive force, as described herein, constitutes wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

3. Faced with the circumstances present at the aforementioned time and place, a reasonably prudent law enforcement officer would or should have known that the use of force described herein violated Plaintiff's clearly established Fourth Amendment rights to be free from excessive force.

4. As a direct and proximate result of the Police Defendants use of force in violation of Plaintiff's Fourth Amendment rights, Plaintiff sustained economic and non-economic damages, including, but not limited to, severe and permanent physical injury, physical and emotional pain and suffering, all of which will continue into the future.

## SECOND CAUSE OF ACTION

### Civil Rights Action (42 U.S.C. § 1983) Claim Against Defendants Washington, Butler and Christie for False Arrest

1. Plaintiff had a firmly established right under the Fourth Amendment to be free from arrest without probable cause. The Police Defendants arrested Plaintiff without a warrant despite the fact that he had committed no crime.

2. The Police Defendants arrested Plaintiff without probable cause.

3. The Police Defendants were at this time performing their duties as officers for the defendant, City of Asbury Park.

4. During the relevant period, the Police Defendants were acting under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the State of New Jersey and the City of Asbury Park.

5. The Police Defendants, separately and in concert, engaged in the illegal conduct to the injury of the Plaintiffs, and deprived Plaintiff's of the rights, privileges and immunities secured to them by the Fourth Amendment to the Constitution of the United States and the laws of the United States. Defendants acted with callous disregard for the constitutionally protected rights of Plaintiff.

6. Plaintiff was subjected to humiliation, fear, and pain and suffering by the illegal acts of Defendants and suffered injuries as a result of the Police Defendants' actions.

7. Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees under 42 U.S.C. § 1988, and all applicable law, and such additional relief as the Court deems just.

## THIRD CAUSE OF ACTION

## Civil Rights Action (42 U.S.C. § 1983) MonelL Claim Against Defendant City of Asbury Park

1. The Defendants have, under color of state law, deprived Plaintiff

of rights, privileges and immunities secured by the Fourth Amendment to the

U.S. Constitution.

2. The City of Asbury Park Police Department has a pattern and practice of

police officers engaging in excessive force.  The City of Asbury Park Police Department

also has a pattern and practice of failing to adequately investigate uses of lethal and non

lethal force.  To the degree the City of Asbury Park Police Department internally

investigates their Officers' use of force, the City's findings in favor of the police are

overwhelming and almost statistically impossible.  The City of Asbury Park's failure to

adequately investigate the shooting of Plaintiff is one representative example of a

larger informal policy, pattern and practice of the Asbury Park Police Department

condoning, expressly or implicitly, the use of excessive force by its Officers.

3. Defendant City of Asbury Park maintained a policy, custom, pattern and/or practice of

inadequately and improperly investigating citizen complaints of

police misconduct and officers' use of excessive force and/or allowing the use of

excessive force, failing to properly supervise Asbury Park Police Department officers.

Defendant City of Asbury Park was aware of problems with police officers' use of

excessive force, yet the City of Asbury Park failed to investigate and/or reprimand said

behavior, and failed to discharge said officers for their misconduct, thereby ratifying such

conduct. Defendant City of Asbury Park maintained a policy, custom, pattern and/or

 practice of failing to properly train Asbury Park Police Department officers, including

but not limited to, how to use appropriate levels of force.  Defendant City of Asbury Park

maintained a policy and/or custom and/or pattern and practice of failing to conduct fair and impartial investigations into officer misconduct, use of excessive force, and police shootings.

4. The above said acts of misconduct were perpetuated, tolerated and not reprimanded by Defendant City of Asbury Park. Thus, Defendant City of Asbury Park inadequately discouraged constitutional violations perpetrated by its law enforcement officers and ratified and or perpetuated conduct and the use of excessive force and other above-mentioned improper and unconstitutional conduct. As such, Plaintiff's Constitutional rights were violated.  As a result of the above-mentioned polices and customs and/or pattern and practices, Defendant City of Asbury Park officers believed that their inappropriate actions would not be subject to proper monitoring by supervisors, and that misconduct would not be subject to investigation nor sanction, but would instead be tolerated by Defendant City of Asbury Park.  The above facts illustrate a deliberate indifference on the part of Defendant City of Asbury Park policy makers and officials.

5. Although the City of Asbury Park policymakers were on notice of the obvious need to train and supervise their Officers relating to excessive force, they failed to adequately train and supervise the individual officers in that regard.
6. As a direct and proximate result of these failures by the Defendants, Plaintiff sustained injury, a loss of his rights, economic and non-economic damages.

**WHEREFORE**, the Plaintiff, OSWALDO TORRES QUIROZ, demands judgment against the Defendants, jointly, severally or in the alternative, for compensatory damages, punitive damages, interest and costs of suit, and such other and further relief as the court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues raised by these pleadings.

### R.4:5-1 CERTIFICATION

I hereby certify that there are no proceedings dealing with the matter in this Complaint now pending or having been adjudicated by the Court or any arbitration proceedings now pending with respect to these parties and these issues and that there are no other parties that should be joined to this matter.

_____

B. DAVID JARASHOW, ESQ

Attorney for Plaintiffs

September 29, 2016

### DEMAND FOR ANSWERS TO FORM "C" INTERROGATORIES

Demand is hereby made upon the defendant(s) to furnish the plaintiffs with the complete certified answers to Uniform Form "C" interrogatories within the time specified in the Rules of the Court.

_____

B. DAVID JARASHOW, ESQ

Attorney for Plaintiffs

September 29, 2016

B. DAVID JARASHOW, ESQ. (ID#0006561995)
LAW OFFICES OF B. DAVID JARASHOW, P.A.
31 WEST MAIN STREET
FREEHOLD, NJ 07728
(973) 735-0565
Attorney for Plaintiffs

| | | |
|---|---|---|
| OSWALDO TORRES QUIROZ | : | SUPERIOR COURT OF NEW JERSEY |
| | : | MIDDLESEX COUNTY, LAW DIVISION |
| Plaintiff(s), | : | |
| | : | DOCKET NO.: MID-L-005675-16 |
| V. | : | |
| | : | CIVIL ACTION |
| City of Asbury Park, Johnny Washington, | : | |
| Anthony Butler, Carl Christie, AND JOHN | : | SUMMONS |
| DOES 1-100 | : | |
| Defendants. | : | |
| | : | |

Name and address of Defendant to be served: **City of Asbury Park, 1 Municipal Plz, Asbury Park, NJ 07712**

From the State of NEW JERSEY, To The Defendant Named Above:

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided on the back of this Summons.) A $175.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided on the back of this Summons. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided on the back of this Summons.

/S/B. David Jarashow                                /S/Michelle M. Smith

B. DAVID JARASHOW, ESQ.                         Michelle M. Smith,
Attorney for Plaintiff                                Clerk of the Superior Court
DATED: 9/30/16

ASBURY PARK POLICE DEPT.

B. DAVID JARASHOW, ESQ. (ID#0006561995)          2016 NOV -9 P 3:36
LAW OFFICES OF B. DAVID JARASHOW, P.A.
31 WEST MAIN STREET
FREEHOLD, NJ 07728
(973) 735-0565
Attorney for Plaintiffs

| | | |
|---|---|---|
| OSWALDO TORRES QUIROZ | : | SUPERIOR COURT OF NEW JERSEY |
| | : | MIDDLESEX COUNTY, LAW DIVISION |
| Plaintiff(s), | : | |
| | : | DOCKET NO.: MID-L-005675-16 |
| V. | : | |
| | : | **CIVIL ACTION** |
| City of Asbury Park, Johnny Washington, | : | |
| Anthony Butler, Carl Christie, AND JOHN | : | **SUMMONS** |
| DOES 1-100 | : | |
| Defendants. | : | |
| | : | |

Name and address of Defendant to be served: **Carl Christie, c/o Asbury Park Police Department, 1 Municipal Plz, Asbury Park, NJ 07712,**
From the State of NEW JERSEY, To The Defendant Named Above:

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided on the back of this Summons.) A $175.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided on the back of this Summons. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided on the back of this Summons.

/S/B. David Jarashow                          /S/Michelle M. Smith

B. DAVID JARASHOW, ESQ.                       Michelle M. Smith.
Attorney for Plaintiff                        Clerk of the Superior Court
DATED: 9/30/16

B. DAVID JARASHOW, ESQ. (ID#0006561995)
LAW OFFICES OF B. DAVID JARASHOW, P.A.
31 WEST MAIN STREET
FREEHOLD, NJ 07728
(973) 735-0565
Attorney for Plaintiffs

ACCEPTED AT COUNTER
"UNDER REVIEW"
COPY GIVEN AT COUNTER (Y/N)

| | |
|---|---|
| OSWALDO TORRES QUIROZ | SUPERIOR COURT OF NEW JERSEY MIDDLESEX COUNTY, LAW DIVISION |
| Plaintiff(s), | DOCKET NO.: MID-L- |
| V. | CIVIL ACTION |
| City of Asbury Park, Johnny Washington, Anthony Butler, Carl Christie, AND JOHN DOES 1-100 Defendants. | COMPLAINT AND DEMAND FOR JURY TRIAL |

FILED & RECEIVED #5  2016 SEP 29  P 3:56
CIVIL RECORDS COURT
N.J. SUPERIOR COURT
MIDDLESEX VICINAGE

MID-L- 05675-16

Plaintiff, OSWALDO TORRES QUIROZ, residing in Iselin, County of Middlesex, State of New Jersey, by way of Complaint, says:

## PARTIES

1. Plaintiff, OSWALDO TORRES QUIROZ, resides in Iselin, County of Middlesex, State of New Jersey

2. DEFENDANT CITY OF ASBURY PARK is a municipality located in ASBURY PARK, County of Monmouth, State of New Jersey.

3. DEFENDANTS Johnny Washington, Anthony Butler and Carl Christie ("THE POLICE DEFENDANTS") are all police officers with the CITY OF ASBURY PARK POLICE DEPARTMENT, located in Asbury Park, County of Monmouth, State of New Jersey.

## FACTS

1. On the morning of September 29, 2014, Plaintiff was attempting to contact a former girlfriend who lived in an apartment above 619 Main Street in Asbury Park, New Jersey. Unbeknownst to Plaintiff, police were apparently called to the area by Plaintiff's former girlfriend.

2. Plaintiff, who does not speak or understand English, was confused about why two police officers, believed to be Defendants Christie and Butler, approached him from opposite direction on Main Street in Asbury Park, New Jersey.

3. The police officers made Plaintiff face a wall and put his hands up against the wall in the process of arresting him.

4. A third police officer, Defendant Washington, arrived on the scene in a police car shortly thereafter.

5. Plaintiff, who was still confused about what was happening and why he was being arrested, turned to look behind him.

6. As he did so, he was shot by Defendant Washington.

7. As a result of the gunshot wounds, Plaintiff was rushed to Jersey Shore Medical Center where he had to undergo several surgeries.

8. Plaintiff's injuries from the gunshot wounds were significant.

9. As a direct and proximate result of the wrongful conduct of each of the Defendants, Plaintiff has been substantially injured. These injuries include, but are not limited to, loss of constitutional and federal rights, physical injuries, impairments, great pain, and ongoing special damages caused by the conduct of the Defendants

## FIRST CAUSE OF ACTION

### Civil Rights Action (42 U.S.C. § 1983) Claim Against Defendants Washington, Butler and Christie for Excessive Force in Violation of the Fourth Amendment

1. At the aforementioned time and place, the Police Defendants, acting under color of law and within the course and scope of their employment as a police officers with Defendant the City of Asbury Park, used unnecessary, unreasonable, outrageous, and excessive force on Plaintiff in violation of his rights guaranteed by the Fourth Amendment.

2. The Police Defendants use of unnecessary, unreasonable, outrageous, and excessive force, as described herein, constitutes wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

3. Faced with the circumstances present at the aforementioned time and place, a reasonably prudent law enforcement officer would or should have known that the use of force described herein violated Plaintiff's clearly established Fourth Amendment rights to be free from excessive force.

4. As a direct and proximate result of the Police Defendants use of force in violation of Plaintiff's Fourth Amendment rights, Plaintiff sustained economic and non-economic damages, including, but not limited to, severe and permanent physical injury, physical and emotional pain and suffering, all of which will continue into the future.

## SECOND CAUSE OF ACTION

### Civil Rights Action (42 U.S.C. § 1983) Claim Against Defendants Washington, Butler and Christie for False Arrest

1. Plaintiff had a firmly established right under the Fourth Amendment to be free from arrest without probable cause. The Police Defendants arrested Plaintiff without a warrant despite the fact that he had committed no crime.

2. The Police Defendants arrested Plaintiff without probable cause.

3. The Police Defendants were at this time performing their duties as officers for the defendant, City of Asbury Park.

4. During the relevant period, the Police Defendants were acting under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the State of New Jersey and the City of Asbury Park.

5. The Police Defendants, separately and in concert, engaged in the illegal conduct to the injury of the Plaintiffs, and deprived Plaintiff's of the rights, privileges and immunities secured to them by the Fourth Amendment to the Constitution of the United States and the laws of the United States. Defendants acted with callous disregard for the constitutionally protected rights of Plaintiff.

6. Plaintiff was subjected to humiliation, fear, and pain and suffering by the illegal acts of Defendants and suffered injuries as a result of the Police Defendants' actions.

7. Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees under 42 U.S.C. § 1988, and all applicable law, and such additional relief as the Court deems just.

## THIRD CAUSE OF ACTION

### Civil Rights Action (42 U.S.C. § 1983) Monell Claim Against Defendant City of Asbury Park

1. The Defendants have, under color of state law, deprived Plaintiff of rights, privileges and immunities secured by the Fourth Amendment to the U.S. Constitution.

2. The City of Asbury Park Police Department has a pattern and practice of police officers engaging in excessive force. The City of Asbury Park Police Department also has a pattern and practice of failing to adequately investigate uses of lethal and non lethal force. To the degree the City of Asbury Park Police Department internally investigates their Officers' use of force, the City's findings in favor of the police are overwhelming and almost statistically impossible. The City of Asbury Park's failure to adequately investigate the shooting of Plaintiff is one representative example of a larger informal policy, pattern and practice of the Asbury Park Police Department condoning, expressly or implicitly, the use of excessive force by its Officers.

3. Defendant City of Asbury Park maintained a policy, custom, pattern and/or practice of inadequately and improperly investigating citizen complaints of police misconduct and officers' use of excessive force and/or allowing the use of excessive force, failing to properly supervise Asbury Park Police Department officers. Defendant City of Asbury Park was aware of problems with police officers' use of excessive force, yet the City of Asbury Park failed to investigate and/or reprimand said behavior, and failed to discharge said officers for their misconduct, thereby ratifying such conduct. Defendant City of Asbury Park maintained a policy, custom, pattern and/or practice of failing to properly train Asbury Park Police Department officers, including but not limited to, how to use appropriate levels of force. Defendant City of Asbury Park

maintained a policy and/or custom and/or pattern and practice of failing to conduct fair and impartial investigations into officer misconduct, use of excessive force, and police shootings.

4. The above said acts of misconduct were perpetuated, tolerated and not reprimanded by Defendant City of Asbury Park. Thus, Defendant City of Asbury Park inadequately discouraged constitutional violations perpetrated by its law enforcement officers and ratified and or perpetuated conduct and the use of excessive force and other above-mentioned improper and unconstitutional conduct. As such, Plaintiff's Constitutional rights were violated. As a result of the above-mentioned polices and customs and/or pattern and practices, Defendant City of Asbury Park officers believed that their inappropriate actions would not be subject to proper monitoring by supervisors, and that misconduct would not be subject to investigation nor sanction, but would instead be tolerated by Defendant City of Asbury Park. The above facts illustrate a deliberate indifference on the part of Defendant City of Asbury Park policy makers and officials.

5. Although the City of Asbury Park policymakers were on notice of the obvious need to train and supervise their Officers relating to excessive force, they failed to adequately train and supervise the individual officers in that regard.

6. As a direct and proximate result of these failures by the Defendants, Plaintiff sustained injury, a loss of his rights, economic and non-economic damages.

**WHEREFORE**, the Plaintiff, OSWALDO TORRES QUIROZ, demands judgment against the Defendants, jointly, severally or in the alternative, for compensatory damages, punitive damages, interest and costs of suit, and such other and further relief as the court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues raised by these pleadings.

## R.4:5-1 CERTIFICATION

I hereby certify that there are no proceedings dealing with the matter in this Complaint now pending or having been adjudicated by the Court or any arbitration proceedings now pending with respect to these parties and these issues and that there are no other parties that should be joined to this matter.

B. DAVID JARASHOW, ESQ

Attorney for Plaintiffs

September 29, 2016

## DEMAND FOR ANSWERS TO FORM "C" INTERROGATORIES

Demand is hereby made upon the defendant(s) to furnish the plaintiffs with the complete certified answers to Uniform Form "C" interrogatories within the time specified in the Rules of the Court.

B. DAVID JARASHOW, ESQ

Attorney for Plaintiffs

September 29, 2016

**Appendix XII-B1**

| | |
|---|---|
| **CIVIL CASE INFORMATION STATEMENT (CIS)**<br>Use for initial Law Division<br>Civil Part pleadings (not motions) under *Rule* 4:5-1<br>**Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed** | FOR USE BY CLERK'S OFFICE ONLY<br>PAYMENT TYPE: ☐ CK ☐ CG ☐ CA<br>CHG/CK NO.<br>AMOUNT:<br>OVERPAYMENT:<br>BATCH NUMBER: |

| ATTORNEY / PRO SE NAME<br>B. DAVID JARASHOW, ESQ. | TELEPHONE NUMBER<br>(732) 303-6330 | COUNTY OF VENUE<br>Middlesex |
|---|---|---|
| FIRM NAME (if applicable)<br>B. DAVID JARASHOW, ESQ. | | DOCKET NUMBER (when available)<br>MID-L- 05675-16 |
| OFFICE ADDRESS<br>31 W MAIN STREET<br>FREEHOLD, NJ 07728 | | DOCUMENT TYPE<br>COMPLAINT AND JURY DEMAND |
| | | JURY DEMAND ■ YES ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>QUIROZ PLAINTIFF | CAPTION<br>QUIROZ CITY OF ASBURY PARK |
|---|---|

| CASE TYPE NUMBER<br>(See reverse side for listing)<br>699 | HURRICANE SANDY RELATED?<br>☐ YES ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES ■ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|
| RELATED CASES PENDING?<br>☐ Yes ■ No | | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ Yes ■ No | | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☐ Yes ■ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain)<br>☐ FAMILIAL   ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ■ YES ☐ No |
|---|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>■ Yes ☐ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION<br>CLIENT HAS PARALYSIS IN LEFT LEG. USES WALKER |
|---|---|
| WILL AN INTERPRETER BE NEEDED?<br>■ Yes ☐ No | IF YES, FOR WHAT LANGUAGE?<br>SPANISH |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

# B. David Jarashow

**Attorney at Law**

**31 West Main Street – 2ⁿᵈ floor**

**Freehold, New Jersey 07728**

ACCEPTED AT COUNTER
"UNDER REVIEW"
COPY GIVEN AT COUNTER (Y/N)

*No SASE*

---

**Tel. 732-303-6330**

**Fax 732-909-2079**

September 29, 2016

CLERK, CIVIL LAW DIVISON
Middlesex County Courthouse
56 Paterson St
New Brunswick, NJ 08903

MID-L- 0 5 6 75 - 1 6

FILED & RECEIVED #5
2016 SEP 29 P 3: 56
CIVIL RECORDS
N.J. SUPERIOR COURT
MIDDLESEX VICINAGE

**Re: QUIROZ V. ASBURY PARK ET ALS.**

Dear Sir/Madam:

This office represents Plaintiff in the above matter. Please bill JACS account # 144026 for the filing of this Complaint.

Respectfully submitted,

/s/ B. David Jarashow

P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK    NJ 08903-2633

                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 519-3728
COURT HOURS  8:30 AM - 4:30 PM

                      DATE:    OCTOBER 03, 2016
                      RE:      QUIROZ OSWALDO TORRES VS CITY OF ASBURY PARK
                      DOCKET: MID L -005675 16

     THE ABOVE CASE HAS BEEN ASSIGNED TO:    TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON ARTHUR BERGMAN

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      003
AT:  (732) 519-3745 EXT 3745.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                      ATTENTION:

                            ATT: B D. JARASHOW
                            B. DAVID JARASHOW
                            31 W MAIN ST 2ND FLR
                            FREEHOLD          NJ 07728

JUCTK